# F. J. BEESLEY

## v.

## CHICAGO JOURNEYMEN PLUMBERS' PROTECTIVE AND BENEVOLENT ASSOCIATION.

*Labor Unions—Membership in—Expulsion from—Fairness of Proceedings—Mandamus.*

1. Upon a petition for a mandamus to compel a labor union to restore to membership a member thereof, who, it was alleged, had been wrong-

Beesley v. Chicago Journeymen Plumbers' Ass'n.

fully expelled, this court holds, no by-laws or regulations of the association regulating such proceedings appearing in the record, that the only question that can be considered here is, was the procedure a reasonable, honest and fair one, and it appearing that the proceedings of appellee toward appellant were reasonable and fair, the courts will not interfere.

2. To secure membership in a trades union by feigning a qualification which does not exist, and to persist in retaining membership after disqualification has been established, are offenses warranting expulsion.

[Opinion filed April 27, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

B. W. Ellis, for appellant.

Courts will not inquire into the merits of the decision of the association if its proceedings are regular, but if irregular or without authority, the courts will interfere. High on Ex. Remedies, Sec. 298.

And mandamus is the proper proceeding. Sturgis v. The Board of Trade, 86 Ill. 441.

The answer of appellee should have set forth specifically all the facts relating to the cause of removal and to the form and mode of procedure. High on Ex. Rem., Sec. 304; Society for Visitation of the Sick v. The Commonwealth, 52 Penn. St. R. 155.

In this case the court say the return must set forth distinctly all the facts essential to the motion, both as to the cause and the mode of proceeding.

The answer in this case shows no authority whatever in the appellee for the expulsion of a member, either in its charter or by-laws.

A corporation owning property has no power of expulsion unless expressly conferred by the charter or by statute. Cook on Stock & Stockholders, Sec. 700 b, and cases referred to in note 4; Angell & Ames on Corp., 238.

The real charge against the appellant seems to be "that he gained admission to the association by misrepresentations."

Upon this charge, so far as appears from the answer, there was not a particle of evidence adduced.

If the charge upon which he was expelled was "that he was not a journeyman plumber and an efficient workman," it equally is, so far as the answer shows, unsupported by any evidence whatever; while it is alleged in the petition, and is admitted in the answer, that at this very time the appellant was at work as a journeyman plumber and was sufficiently efficient as a workman as to receive for his services the regular wages prescribed by the appellee.

The expulsion was made upon the report of a committee. The answer says that upon the strength of said report (committee report) said petitioner (appellant) was expelled. But the *ex parte* report of a committee is not a trial and can not be the foundation for the expulsion of a member.

The answer that the expulsion "was in strict conformity with law and within the corporate powers of the defendant," is but a conclusion of law and fatally defective. High on Ex. Rem., Sec. 304, and Society v. Commonwealth, 52 Penn. St. 134.

This case illustrates the ease with which the power of these trade societies can be abused, and the importance of there being some power of control to protect individuals from their hasty and unjust action becomes obvious.

Mr. A. G. ANDERSON, for appellee.

"The law relating to the power of amotion, a term often applied as well in the disfranchisement of a member as to the removal of an officer of a corporation, has been long and well settled. It is a power judicial in its character, generally exercised by the courts of the land, though it may be given to the corporation by its charter, and even if the charter is silent, an officer, or a corporator in some classes of corporations, may be expelled for sufficient cause." Pittman v. Adams et al., 3 Am. Cor. Cases, 526.

"Honesty and fairness are the tests by which courts of record judge of the proceedings of these voluntary associations, where these are found to exist; in fact, whatever

their judgment is found to be, they will be sustained and enforced by the court of record." Black and White Smith's Society v. Vandyke, 2 Whart. 309; Toram v. Howard Benefit Society, 4 Pa. 519; Bryan v. Pike Benefit Society, 8 Watts & S. 244; St. Patrick's Benefit Society v. McKey, 92 Pa. 520.

"Proceeding to expel a member under charges presented, notice given and a hearing afforded in conformity with articles of association agreed to by all the members, are to be considered without too much regard to any technicalities. Substantial justice is to be followed rather than form." Burton v. St. George's Society of Detroit, 4 Am. Cor. Cases, 480; Dilcher v. German United Evan. St. Stephen's Church of Buffalo, 4 Am. Cor. Cases, 394.

Appellee proposes to raise before this court the question of the jurisdiction of a court to control the action of a voluntary association, and to that end has assigned a cross-error. No court can take cognizance of a case arising in a voluntary association to compel it to restore to membership a person suspended or expelled from its privileges. People v. Board of Trade, 80 Ill. 134; Schmidt v. Abraham Lincoln Lodge, 85 Ky. 490; Anacostia Tribe of Red Men v. Murbach, 13 Md. 91.

SHEPARD, J. The appellant filed his petition for a writ of mandamus to the appellee association, commanding it to reinstate him as a member thereof, alleging that he had been wrongfully expelled therefrom. The appellee answered, that it is a voluntary association, organized under the statutes of Illinois relating to the organization of corporations not for pecuniary profit; that its objects as set forth in its certificate of incorporation, are, first, to unite and associate together all plumbers who are efficient workmen for the purposes of mutual assistance and protection; and second, to provide ways and means for the advancement of the best interests of the trade, etc. The answer further alleged that petitioner gained his membership in the appellee association on March

9, 1891, by representing himself to be a journeyman plumber, and an efficient workman; that at a meeting of said association on April 20, 1891, charges were made against petitioner by certain members of the association, to the effect that he had gained admission to membership by misrepresentations, and that he was not a journeyman plumber and an efficient workman, but that he was by trade. a bricklayer. It is further alleged that petitioner was notified of such charges, and requested to appear and answer unto them at the next meeting of the association, to occur one week later; that petitioner appeared at the said next meeting, and then and there stated to the association that he was not thoroughly practical in all the work of journeymen plumbers, but believed he knew the theory; that he was not accustomed to work in lead, but thought he could, and requested the association to appoint a committee to examine him as to his qualifications as a journeyman, and promised to meet such a committee at any time and place they should appoint; that thereupon a committee of three practical journeymen plumbers, members of the association, were appointed to examine the petitioner; that such committee called upon petitioner and asked him to meet them and submit to a test in lead-work known as "wiping a joint," but that petitioner refused to meet the committee at any time or place, or to submit to any test, and admitted to the committee that he had never served an apprenticeship at the plumbers' trade; that the committee informed the petitioner they should report the exact facts to the association and that he would probably be expelled, and that petitioner then replied that he would be present or write a letter; that at the next meeting of the association on May 4, 1891, the committee reported in writing the facts as recited, and that in their opinion petitioner was not a journeyman plumber; that on the strength of such report, together with the said previous statements by petitioner, he was expelled by vote of the association, the meeting being regular and a quorum present, and that said expulsion was in strict and full conformity with law and within the

corporate powers of the appellee association; that on the request of petitioner he was allowed to appear at the next following meeting of the association on May 11th, and there again stated that he could not do all kinds of plumbing, that he was a bricklayer by trade, and did not care much whether he was a member of the association or not, and that he could not justify as an all-around plumber. The answer further set up that the petitioner has not shown by his petition that he has lost anything by reason of his expulsion from the association, and alleged facts that tend to show no injury to him.

The petitioner demurred both generally and specially to the answer, and the demurrer being overruled, he brings the case to this court by appeal, confining his contention here to the sufficiency in law of the answer.

If the appellee association has any by-laws regulating the method of disciplining or expelling members, they do not appear in the record brought here and we can not assume that any exist. There being no such by-laws, the question, so far as this court is concerned, is, was the procedure resorted to an honest, fair and reasonable one? The answer sets forth that charges against the petitioner were preferred by members of the association at a regular meeting; that he was notified of the charges and requested to appear and answer unto them; that he did so appear at another meeting and partially admitted the truth of the charges, but thought, notwithstanding, that he could justify his claim to membership, and requested to be submitted to a test examination by a committee qualified for that purpose; that such committee was appointed and he refused to subject himself to the test, whereupon he was regularly expelled. These matters are all well pleaded and the general demurrer admits their truth. What method could be fairer and more reasonable, in the absence of special provisions regulating the mode of procedure? Here were definite charges preferred; full notice of them given; the accused appeared in person, and partially admitting the truth of the matters charged against him, requested the creation of a special tribunal to test his

qualifications to membership, and his request was complied with. He then refused to submit himself to the very mode of trial invoked by him and acknowledged to the committee that he had never served an apprenticeship at the trade. As shown by the answer and admitted by the demurrer, the corporate objects of the association are to associate together all plumbers who are efficient workmen, for mutual assistance and protection, and to advance the best interests of the plumbers' trade. To permit an inefficient workman who, by misrepresentation of his qualifications as a craftsman, secures membership in an organization of skilled workers in a particular trade wherein membership is based upon efficiency, to continue therein, is well calculated to work destruction to the corporate objects of the organization. Every moment he remains a member he commits an offense against his duty as a corporator, and the power of expulsion for such an offense is inherent in the association. Commonwealth v. St. Patrick's Ben. Society, 2 Binn. 441. To feign a qualification for membership in an association like that of appellee, which does not exist, is a fraud upon the association, and to persist in retaining a membership obtained by such a fraud, after disqualification for it has been established, is subversive of the fundamental objects of the association, and is an offense warranting expulsion. Society, etc., v. Commonwealth, 52 Pa. St. 125. In the absence of by-law or charter regulations for the trial and expulsion of members, we are unable to see wherein the proceedings of the appellee were not reasonable and fair to the appellant, and being so they should not be disturbed. The authority to expel, as already said, is inherent in such a case. The contention of appellant that no evidence was adduced to support the charges preferred against him, is met by the confession, by the demurrer, that appellant admitted he was not a practical plumber, that he never served an apprenticeship, that he could not justify as an all-around plumber, and that he refused to submit himself to the only test that would have afforded other available evidence on the subject.

Under such circumstances he can not successfully complain of a want of evidence.

*Judgment affirmed.*

GARY, J.   I concur, but do not intend to be understood as concurring in the implication, if it be implied, that the courts will, under any circumstances, interfere with the management of labor unions.