[No. 1438. Decided November 22, 1894.]

THE STATE OF WASHINGTON, *Respondent, v.* HENRY KRECH, *Appellant.*

SUNDAY LAWS—BARBER SHOPS.

Penal Code, § 211, making it "unlawful for any person or persons of this state to open on Sunday for the purpose of trade or sale of goods, wares and merchandise, any shop, store or building, or place of business whatever," does not prohibit the opening of barber shops on Sunday, as the statute applies only to places where goods are offered for sale.

*Appeal from Superior Court, Pierce County.*

*O'Brien & Robertson,* for appellant.

*W. H. Snell,* Prosecuting Attorney (*E. E. Cushman,* of counsel), for the State.

NOTE—Numerous authorities on Sunday labor are collected in a note to *Quarles v. State,* (Ark.) 14 L. R, A. 192, and the constitutionality of Sunday laws is the subject of a note to *Judefind v. State,* (Md.) 22 L. R. A. 721. The question of unconstitutionality of Sunday laws on the ground of class legislation is discussed in *People v. Bellet* (Mich.) 22 L. R. A. 696.

The opinion of the court was delivered by

STILES, J.—Appellant was charged with a violation of Penal Code, § 211, prohibiting the opening of certain business places on Sunday. The specific charge was that he opened his barber shop for the purpose of shaving persons. The result of the case was a conviction and fine, from which he appeals. The language of the statute is :

"It shall be unlawful for any person or persons of this state to open on Sunday for the purpose of trade or sale of goods, wares and merchandise, any shop, store, or building, or place of business whatever."

Numerous grounds for a reversal are urged, but we shall consider only that one which lies at the foundation of the state's right to prosecute.

Counsel for the state maintain that the statute was intended to forbid the opening of any place of business but those specially exempted on Sunday, and argue this construction from the use of the word " trade," as though the reading were " pursuing a trade " or "exercising a trade." But we are unable to agree with this construction. The plain, ordinary interpretation, it seems to us, must be that it is shops, stores, etc., used for the purpose of trade in, or sale of, goods that are not to be opened, and not places where, as in the case of a barber shop, a mere trade, or profession, is exercised, but no goods are traded in or sold.

At any rate the terms of the law are at least doubtful, and in such cases an accused person is as much entitled to the benefit of a doubt as to the law, when the offense is purely statutory, as he is to a doubt as to the facts. We think the law does not cover the case of the appellant, and that his conviction was erroneous; he is therefore entitled to be discharged.

Judgment reversed and remanded for discharge of appellant.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.