THE PEOPLE *ex rel.* Charles L. Bonney *et al.*

*v.*

JAMES A. ROSE, Secretary of State.

*Opinion announced orally December 5, 1900.*

1. CORPORATIONS—*when corporation cannot organize under guise of corporation not for pecuniary profit.* A proposed corporation having for its object the construction and operation of horse, dummy, electric, cable and compressed air street railways, and for the construction and operation of a general heating, lighting and power supply business, cannot be organized under the act of 1872, concerning corporations not for pecuniary profit.

2. SAME—*Secretary of State may determine, in first instance, whether proposed corporation is for pecuniary profit.* The Secretary of State may determine, in the first instance, whether the certificate of intention to form a corporation not for pecuniary profit indicates that the proposed corporation is in fact being organized for business purposes only, and with a view to pecuniary profit.

MOTION for leave to file petition for *mandamus.*

This is a motion by Charles L. Bonney, Lyman M. Paine and Emil A. Basener for leave to file a petition for *mandamus* against James A. Rose, Secretary of State of the State of Illinois, requiring him to issue a certificate of incorporation to the Citizens' Street Railway Association under the statute providing for the organization of corporations "not for pecuniary profit," which petition is as follows:

"Supreme Court of Illinois.—October Term, A. D. 1900.

"The People of the State of Illinois *ex rel.*
Charles L. Bonney, Lyman M. Paine
and Emil A. Basener,                    } *Mandamus.*
        *vs.*
James A. Rose, Secretary of State.

"PETITION.

"*To the Honorable Chief Justice and Associate Justices of said
Supreme Court:*

"Your petitioners, Charles L. Bonney, Lyman M. Paine
and Emil A. Basener, in the name of the People of the
State of Illinois, respectfully show that they, and each
of them, are citizens of the United States, and that they
desire to associate themselves for a lawful purpose other
than for pecuniary profit, and that they made, signed and
acknowledged before an officer authorized to take ac-
knowledgments of deeds in this State, and filed in the
office of the Secretary of State of said State of Illinois,
a certificate in writing, in which was stated the name or
title by which such corporation shall be known in law,
the particular business and objects for which it is formed,
the number of its trustees and the names of the trustees
selected for the first year of its existence; that said cer-
tificate was and is in words and figures as follows, to-wit:

" 'STATE OF ILLINOIS, }
        *Cook County.* } *ss.*

" '*To James A. Rose, Secretary of State:*

" 'We, the undersigned, Charles L. Bonney, Lyman M. Paine
and Emil A. Basener, citizens of the United States, propose to
form a corporation under an act of the General Assembly of
the State of Illinois entitled 'An act concerning corporations,'
approved April 18, 1872, and all acts amendatory thereof, and
that for the purposes of such organization we hereby state as
follows, to-wit:

" '1. The name of such corporation is Citizens' Street Rail-
way Association.

" '2. The object for which it is formed is the construction
and operation of horse, dummy, electric, cable and compressed
air street railways within the county of Cook, in the State of
Illinois, and also for the purpose of constructing and operating

a general heating, lighting and power supply business within said county.

" '3. The management of the aforesaid association shall be vested in a board of three trustees, who are to be elected annually.

" '4. The following persons are hereby selected as the trustees to control and manage said corporation for the first year of its corporate existence, viz., Charles L. Bonney, Lyman M. Paine and Emil A. Basener.

" '5. The location is in the city of Chicago, in the county of Cook, State of Illinois.                    CHARLES L. BONNEY,

                                        LYMAN M. PAINE,

                                        EMIL A. BASENER.'

" 'STATE OF ILLINOIS, } ss.
     *County of Cook.*  }

" 'I, Frederick S. McClory, a notary public in and for the county and State aforesaid, do hereby certify that on this 8th day of October, A. D. 1900, personally appeared before me Charles L. Bonney, Lyman M. Paine and Emil A. Basener, to me personally known to be the same persons who executed the foregoing statement, and severally acknowledged that they had executed the same for the purposes therein set forth.

" 'In witness whereof I have hereunto set my hand and seal the day and year first above written.

[Seal.]                FREDERICK S. McCLORY, *Notary Public.*'

"That at the time of filing said certificate with said Secretary of State, said relators paid to said Secretary of State the sum of three dollars, and also caused to be filed therewith the following letter, to-wit:

" '*James A. Rose, Secretary of State, Springfield, Ill.:*

" 'DEAR SIR—Please find inclosed certificate for organization of Citizens' Street Railway Association as 'a corporation not for pecuniary profit.' I believe this is the first company in the United States with such an object to be so incorporated, but after an examination of the statutes I am convinced of its regularity and merit, and that it is a practical step toward the solution of the public-utility question. The day has passed when the use of the streets, owned by the people, should be contracted to joint stock corporations for stock exchange manipulation. Municipalities should adopt as a rule that such grants shall only be given to societies incorporated without stock to be watered or private profits to be paid out as dividends. The actual cost of the public utility may be represented

by an issue of bonds, the amount per mile to be limited in the grant made by the city. This municipal grant should also provide for annual statements showing fixed charges, repairs, operating expenses and surplus, and that the municipal authorities have the power, from year to year, to fix the rates to be charged, and to be gradually reduced so as to wipe out all unreasonable surplus. · This grant should also provide that the city may retire the bonds at any time and thereupon take possession of the plant.

" 'With this explanation I trust you will facilitate the organization of the association.     CHARLES L. BONNEY.'

"That said relators subsequently received from said Secretary of State the following letter, to-wit:

" 'SECRETARY OF STATE, STATE OF ILLINOIS, ⎱
                *Springfield, Oct.·13, 1900.* ⎰

" '*Mr. Charles L. Bonney, Chicago Athletic Club, Chicago, Ill.:*

" 'DEAR SIR—I am in receipt of your letter of the 8th inst., and also your telegram of this date, in relation to the incorporation of Citizens' Street Railway Association. Answering, I beg to say that the reason articles of incorporation have not been issued is that I have been considering the matter, and have not yet been able to see my way clear to incorporate an association of this kind under the act referred to in your statement.

" 'I note the suggestion in your telegram that you may 'incorporate in some other State or try *mandamus*.' Permit me to say that it will probably be better for you to incorporate in some other State where the laws are different from our own. I will say, however, that as there may be some doubt as to what the law really is in relation to this matter, I shall take great pleasure in entering my appearance in any *mandamus* proceedings that you may see fit to bring, and do everything in my power to remove all obstructions in the way of a speedy and correct settlement of this question.

" 'Very truly yours,
              JAMES A. ROSE, *Secretary of State.*'

"That upon the filing of said certificate aforesaid it was and now is the duty of said Secretary of State to issue a certificate of the organization of said corporation, but that said Secretary of State then, and has ever since, neglected and refused, and now does neglect and refuse, to issue said certificate, wherefore said relators pray that

they may have leave to file this petition, and that the said
James A. Rose, Secretary of State, may be summoned to
answer this petition at the present term or at such time
as the court may direct, and that the said James A. Rose,
Secretary of State, may be directed and required, within
a short day to be fixed by the court, to issue a certificate
of organization of said corporation, and that a writ of
*mandamus* pursuant to the statute may be awarded ac-
cordingly, and your petitioner will ever pray.

CHARLES L. BONNEY,
LYMAN M. PAINE,
EMIL A. BASENER,

C. C. BONNEY, Counsel for Relators.        *Relators."*

"STATE OF ILLINOIS, ⎰ ss.
   *Cook County.* ⎱

"Charles L. Bonney, being first duly sworn, upon oath says
that he has read the foregoing petition by him subscribed and
that the statements made are true.        CHARLES L. BONNEY.

· "Subscribed and sworn to before me this 26th day of Octo-
ber, A. D. 1900.

   [Seal.]        FREDERICK S. McCLORY, *Notary Public."*

C. C. BONNEY, for relators:

The relators certified to the Secretary of State their
desire to organize a corporation, not for pecuniary profit,
to construct and operate a street railway. The Secretary
of State refused to issue his certificate of organization,
apparently on the ground that a company with such a
purpose could not so organize. The question involved is
the construction and application of the act concerning
corporations. Section 1 is: "That corporations may be
formed in the manner provided by this act for any lawful
purpose except (1) banking, (2) insurance, (3) real estate
brokerage, (4) operation of railroads, and (5) the business
of loaning money: *Provided,* that (*a*) horse and dummy
railroads, and (*b*) organizations for the purchase and sale
of real estate for burial purposes only, may be organized
and conducted under the provisions of this act."

Neither this section nor any other purports to classify occupations into corporations for profit and not for profit. The distinguishing element applied by the law is the distribution of profits on the stock plan, or a prohibition (sec. 33) of such distribution. It is not the character of occupation which requires one or the other form of organization, but the intent of the incorporators, either for mutual benefit or for stock dividends, which governs.

Section 29 employs the words of section 1, "for any lawful purpose," with the qualifying words, "other than for pecuniary profit,"—that is, if "any three or more persons, citizens of the United States, desire to associate themselves for any lawful purpose other than for pecuniary profit," they may proceed in the manner provided.

Section 35 provides that the "foregoing" provisions shall not apply to any religious corporation, but that such societies may become incorporated in the "manner following," thus indicating a clear dividing line between sections 1 to 34 as the "foregoing" and the sections "following." The first thirty-four sections refer to business organizations with optional methods of organization, which depend on the sole question of a distribution of profits as an objective.

"This act" does not attempt to classify any of the "lawful purposes" as necessarily for profit or not for profit, but seems to permit the exercise of choice by the incorporators as to whether they will issue stock certificates or not. The same lawful purpose may be, or not, made the subject of profit, at the option of the incorporators.

The gist of the classification of the statute is found in section 33, which provides that "no dividend or distribution of the property of such corporation, society or association shall be made * * * except on final dissolution and surrender of organization and name." Sections 1 and 29 to 34 make a complete harmonious code of incorporation not in conflict with the method of incorporation provided for in sections 2 to 26.

The organization of companies to conduct a business the character of which is not necessarily without profit, has many illustrations in this State, as follows: The Chicago Art Institute in the Lake Front park, in Chicago, charges an admittance fee on certain days and admits the public free on other days. The Chicago Athletic Association, the Union League Club, and other clubs, sell to members and guests cigars, liquors, meals, billiards, baths, vaudeville performances and furnish lodgings, every one of which may be made the subject of profit, but it does not therefore follow that such clubs are illegally organized. The Chicago University and medical colleges have a very limited "membership," but sell tuition to the general public, presumptively not at a loss. The board of trade and the stock exchange illustrate another class of business occupation without a distribution of profits.

The law recognizes that every one of these corporations may, from day to day, make profits, but that such profits shall not be paid out as dividends. The surplus is to be expended on the property itself. Each of these organizations is authorized by law to regulate its own affairs by by-laws, subject to the continuing power of the State to regulate and prohibit any abuse of the authority conferred by the charters to the corporation. The statute does not vest in the Secretary of State any discretion. On the contrary, the statute (section 30) is mandatory: "Upon filing a certificate as aforesaid (by the incorporators) the Secretary of State shall thereupon issue a certificate of organization," etc. The law does not sumbit to the Secretary of State any question for his consideration or subject to his discretion.

Mr. JUSTICE HAND announced the opinion of the court:

The statute providing for the formation of societies, corporations and associations "not for pecuniary profit" is as follows:

"Sec. 29. Societies, corporations and associations (not for pecuniary profit) may be formed as hereinafter provided. Any three or more persons, citizens of the United States, who shall desire to associate themselves for any lawful purpose, other than for pecuniary profit, may make, sign and acknowledge, before any officer authorized to take acknowledgments of deeds in this State, and file in the office of the Secretary of State, a certificate in writing, in which shall be stated the name or title by which such corporation, society or association shall be known in law, the particular business and objects for which it is formed, the number of its trustees, directors or managers, and the names of the trustees, directors or managers selected for the first year of its existence." (1 Starr & Cur. Stat.—2d ed.—chap. 32, par. 29.)

A corporation for business purposes having in view solely the pecuniary gain and profit of the incorporators cannot be organized under this statute, and the Secretary of State is not required to issue a certificate of incorporation thereunder when it clearly appears from the certificate of intention filed in his office that the corporation is being organized for business purposes only, and with a view to the pecuniary profit of the incorporators. He in the first instance may determine that question, the ultimate decision thereof resting with the courts. It is evident that the corporation sought to be organized is a corporation solely for business purposes and the pecuniary profit and gain of the incorporators, and that it does not fall within the purview of the statute. We are therefore of the opinion that the Secretary of State was justified in declining to issue a certificate of incorporation to the proposed corporation.

The motion for leave to file said petition will therefore be denied.                    *Motion denied.*