People of the State of Illinois ex rel. James Padula et al., Appellants, v. Edward J. Hughes, Secretary of State of the State of Illinois, Appellee.

Gen. No. 40,131.

Opinion filed October 10, 1938.

JOSEPH J. BERZIN, of Chicago, for appellants.

OTTO KERNER, Attorney General, and DANIEL D. CARMELL, Assistant Attorney General, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This case presents the question whether a labor union may be incorporated under the Not-For-Profit Act of Illinois, as amended July 9, 1937. Ill. Rev. Stat. 1937, ch. 32, par. 158, sec. 29 [Jones Ill. Stats. Ann. 32.251].

The plaintiffs filed with Edward J. Hughes, secretary of State, a petition for a corporate charter under the Not-For-Profit Act, stating that the name of the proposed corporation was the Allied Federation of Labor, the object of which was ''to organize and maintain a labor organization, to aid and assist workers, to bargain collectively through representatives of their own choosing and to organize concerted action for collective bargaining for the protection of the working classes, and to deal with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment or conditions of work.'' The proper fee was tendered and demand made for the issuance of a certificate of incorporation. The secretary of State declined, giving as his reason that the Not-For-Profit Act, as amended by the recent general assembly, ''did not provide for the organization of labor unions.''

Plaintiffs filed in the circuit court a petition requesting that the writ of mandamus be issued to compel the secretary of State to accept the application and to issue a certificate of incorporation; upon hearing in the circuit court this was denied and the petition for the writ was dismissed, the order of dismissal specifically finding that any organization whose central purpose is that of a labor union or labor organization may not be incorporated under the Not-For-Profit Act. Plaintiffs appeal from this order.

Prior to July 9, 1937, any corporation formed for any lawful purpose could be incorporated under the Not-For-Profit Act. That act provided that "Societies, corporations and associations (not for pecuniary profit) may be formed. . . ." But effective July 9, 1937, the legislature amended this act by inserting after the words "Societies . . . (not for pecuniary profit)" the words—"for civic, educational, patriotic, agricultural, horticultural, soil, crop, livestock and poultry improvement, electrification on a co-operative basis, ownership of residential property on a co-operative basis, pleasure, social, athletic, political, benevolent, charitable, eleemosynary, research, or other similar purposes and commercial, industrial or trade associations may be organized, without pecuniary profit to the members thereof, as hereinafter provided."

The brief for the defendant says that the question of incorporation of labor unions had been a subject of much controversy and dispute, and manifestly the legislature intended by this amendment not to permit incorporation of societies, corporations and associations not for pecuniary profit other than those enumerated in the amendment of 1937. The argument is that the terms "labor union," "trade union" and "labor organizations" have been terms consistently used whenever courts or legislatures desired to refer

to labor unions, and that by omitting such terms in the instant amendment the legislature manifestly intended to exclude such organizations from the operation of the statute.

This brief itemizes a number of instances in the statutes dealing with labor unions. Ill. Rev. Stat. 1937, ch. 48, par. 2b; ch. 38, par. 243; ch. 48, par. 223 (c) (2) ch. 73, sec. 842 (2) (c); and ch. 10, par. 27 [Jones Ill. Stats. Ann. 45.004, 37.191, 45.134, 66.905, 109.027]. In these various acts labor organizations are invariably described either as "labor organizations" or "labor unions." The argument is persuasive that the legislature, if it had not intended to exclude labor organizations from the Not-For-Profit Act, would have named them specifically as it did other types of organizations named in the amendment.

In the reported decisions of the courts labor organizations are uniformly referred to by the names "trade union" and "labor union." *Clifford v. Hedrick,* 159 Ill. App. 63; *Beesley v. Chicago Journeymen Plumbers' Ass'n,* 44 Ill. App. 278, 285; *Kemp v. Division No. 241,* 255 Ill. 213, 220, 221, and a long list of similar cases.

When the legislature in 1937, by amendment, withdrew from the act the words, "any lawful purpose" and in their place stated the specific kinds of societies which might organize under the act, it clearly demonstrated that the legislature meant that it was only for such organizations stated in the amendment that incorporation would be permitted.

Plaintiffs say that the words in the amendment permitting the organization of "commercial, industrial or trade associations," include labor unions, and especially the words, "industrial or trade associations." These words have been defined in a number of cases as relating to manufacturers. *Louisville & N. R. Co. v. Fulgham,* 91 Ala. 555. In *People v. Kelly,* 255 N. Y.

396, the word "trade" is defined as "commercial enterprises," and "industries" as that branch of trade employing capital and labor. See also *Carver Mercantile Co. v. Hulme,* 7 Mont. 566; *Chicago, R. I. & P. Ry. Co. v. State,* 83 Okla. 161, 201 Pac. 260, 264; *City of Rochester v. Rochester Girls' Home,* 194 N. Y. S. 236, 237; *May v. Sloan,* 101 U. S. 231, 237.

In general use the words, "trade associations" convey the meaning of an association of employers in the same trade. See "How to Deal with Organized Labor" by Feller & Hurwitz, page 127. In *State v. Krech,* 10 Wash. 166, the question was whether the word "trade" in a penal code forbidding the opening on Sunday of any shop for the purpose of "trade" applied to a barber shop. The court held that the plain interpretation of the word was that it applied to shops, stores, etc., used for the purpose "of trade in or sale of goods" and not to a barber shop. *Roach & Co. v. Harding,* 348 Ill. 454, cited by plaintiffs, is not helpful. That case involved the collection of taxes levied on certain companies associated in certain agreements relating to insurance.

We do not rest our conclusion upon dictionary definitions, but by omitting from the list of permitted organizations the simple, understandable words "labor unions," it seems to us to have been the manifest intention of the legislature to exclude them.

It is the duty of the secretary of State to determine whether a group of persons seeking to incorporate comes within the permission of the statute, and while the ultimate decision rests with the courts in the first instance he must exercise his discretion in the matter. *People ex rel. Hughes v. Universal Service,* 365 Ill. 542; *People v. Rose,* 188 Ill. 268, 275; *People v. Chicago Gas Trust Co.,* 130 Ill. 268.

Plaintiffs argue that they are permitted to incorporate under the words in the act—"other similar

purposes.'' Labor unions are not similar to any of the things named in the amendment to the Not-For-Profit Act. It is only necessary to read the amendment to demonstrate this.

The writ of mandamus was properly denied and the order of the circuit court is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.