

# The Attorney General of Texas

April 16, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Mable Staton
Executive Secretary
Texas Board of Licensure For
  Nursing Home Administrators
P. O. Box 9706
Austin, Texas 78766

Opinion No. MW-173

Re: Whether members of the Board of Licensure For Nursing Home Administrators may participate in certain trade association activities.

Dear Ms. Staton:

You inquire whether ex-officio members of your board can be paid the per diem and actual expenses provided for in section 4(3) of article 4442d, V.T.C.S. Section 3 of article 4442d, V.T.C.S., requires that the Commissioner of Human Resources, or his designee, and the Commissioner of Health, or his designee, be ex-officio members of the board. Section 4(3) of article 4442d, V.T.C.S., provides in part that "Board members shall receive a per diem of $25.00 while engaged in Board business together with actual and necessary expenses."

Article 4442d, V.T.C.S., makes no distinction between ex-officio and regular board members with respect to payment of expenses. We believe ex-officio members are to receive expenses and per diem unless the Constitution prevents them from doing so. Article XVI, section 40 of the Texas Constitution, which prohibits one person from holding two civil offices of emolument, does not bar a state employee from holding a civil office of emolument. See Letter Advisory No. 30 (1973). Article XVI, section 40 of the Texas Constitution, permits a nonelective state officer to hold other nonelective offices under the state, if the other office is required by state law. He may receive compensation for the second office, if the provisions of article 6252-9a, V.T.C.S., are complied with. See also Attorney General Opinion H-5 (1973). If the legislature desires to prohibit receipt of per diem by these officials, it may enact a statute to that effect.

You also request our opinion about whether a board member violates article 4442d, section 3A(1), V.T.C.S., if he receives compensation from a trade association for teaching a continuing education seminar or other course for nursing home administrators. Article 4442d, section 3A(1), V.T.C.S., provides in part that "A member of the board . . . may not: (a) be an officer, employee, or paid consultant of a trade association in the nursing

home industry." This article is based on the same policy considerations forbidding any state employee from accepting other employment which might impair his independence of judgment in the performance of his official duties. See V.T.C.S. art. 6252-9b. It appears as though the legislature has determined that serving as an employee of a trade association in the nursing home industry might impair a board member's independence of judgment. A board member who receives compensation from a trade association might not be as independent as the legislature requires; therefore, board members may not accept any employment from trade associations, including teaching positions.

The legislature has not spoken specifically to whether board members can serve as unpaid advisors or directors of trade associations. We believe section 3A(1) of article 4442d, V.T.C.S., prohibits a board member from serving as a director of a trade association in the nursing home industry even if he receives no compensation for that service. Section 8(b) of article 6252-9b, V.T.C.S., prohibits a state officer or employee from accepting other employment which might impair his independence of judgment in the performance of his official duties. Whether this provision bars a particular activity, such as that of an advisor, is a fact question to be decided by the Texas Board of Licensure for Nursing Home Administrators. See Attorney General Opinion H-1223 (1978).

Finally, you request our opinion about whether the National Association of Boards of Examiners For Nursing Home Administrators is a trade association. This Association is generally composed of members of agencies that examine, license or register Nursing Homes and their administrators. "In general use the words 'trade associations' convey the meaning of an association of employers in the same trade." People ex rel. Padula et al v. Hughes, 16 N.E.2d 922, 924 (Ill. App. Ct. 1938). In the context of this statute it does not appear that this national association of regulators is a trade association. The board must still consider as a question of fact whether association with or employment by this association would impair a board member's judgment in his official duties under article 6252-9b, V.T.C.S.

## SUMMARY

The ex-officio members of the board may receive per diem and actual expenses. A member of the Board should not accept any sort of payment for services rendered from a trade association in the nursing home industry. Board members may not serve as a director or other officer of these associations, but they are not absolutely barred from acting as unpaid advisors as long as their independence is not jeopardized. Whether article 6252-9b, V.T.C.S., prohibits unpaid service as an advisor must be determined by the board on a case by case basis. The National Association of Boards of Examiners For Nursing Home Administrators is not a trade association under article 4442d, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Peter Nolan
and Susan Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Peter Nolan