

# THE ATTORNEY GENERAL
## OF TEXAS

December 30, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Erwin Barton
Chairman
Human Services Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-607

Re: Whether certain appointees are eligible to serve on the Board of Licensure for Nursing Home Administrators

Mr. Karl E. Bishop, Ph.D.
Executive Director
Texas Board of Licensure For
   Nursing Home Administrators
3407 I-35 North
Austin, Texas    78722

Gentlemen:

Mr. Bishop asks three questions about the qualifications of persons appointed to the Texas Board of Licensure for Nursing Home Administrators. Representative Barton asks one question which deals with the same subject matter as Mr. Bishop's third question.

Section 3 of article 4442d, V.T.C.S., determines the composition of the board. It provides in part:

>  Sec. 3.  (1) There is hereby created the Texas Board of Licensure for Nursing Home Administrators which shall consist of nine (9) members. The Commissioner of Human Resources for the State of Texas, or his designee, and the Commissioner of Health of the Texas Department of Health, or his designee, shall be ex officio nonvoting members of the board. Such designees shall be chosen from those representatives of the respective departments who are actively assigned to and are engaged in work in the nursing home field. One member shall be a physician duly licensed by the State of Texas; one member shall be an educator connected with a university program in public health or medical or nursing home care administration within the State of Texas or a psychiatrist whose field includes geriatric or institutional psychiatry, or a psychologist whose field includes clinical

>    psychology or educational psychology. Four (4)
>    members shall be duly licensed nursing home
>    administrators of the State of Texas; however, at
>    least one of these four shall represent a non-
>    proprietary nursing home. Three (3) members must
>    be representatives of the general public who are
>    not licensed under this Act. (Emphasis added).

V.T.C.S. art. 4442d, §3(1).

Your first question pertains to the appointment of an educator. You state that he is not a psychiatrist or a licensed psychologist. Thus, to qualify for the position described in the underlined language of section 3(1), article 4442d, V.T.C.S., he would have to be "an educator connected with a· university program in public health or medical ·or nursing home care administration within the state of Texas. . . ." The individual appointed to the educator's position is a Professor of Management at the University of Texas at Austin.

You state that the University of Texas at Austin does not have a program in long term health care administration. If the appointee is actually not "connected with a university program in public· health or medical or nursing home care administration," then he does not qualify for the educator's position on the board and may not serve. Whether a particular educator is connected with such a program involves the investigation or resolution of fact questions, which cannot be done in the opinion process. We can, however, define the term "university program" as it appears in section 3(1) of article 4442d, V.T.C.S.

You do not offer a definition of "university program" as it appears in the statute. We do not believe that "university program" within the statute requires that the program lead to a university degree in one of the stated subjects. In other statutes, the legislature has used the specific term "degree program" to signify a course of study leading to an academic degree. See Educ. Code §§61.003(11); 61.302(1), (7). A court of another state has described an "educational program" as

>    a series of courses related to the occupation or
>    field for which the student has enrolled and which
>    is sufficiently extensive and intensive within
>    scheduled units of time extending over a period of
>    one or more school semesters to enable the student
>    to develop competencies for advancing or con-
>    tinuing in that field.

Angello v. Dusinberre, 363 N.Y.S.2d 520 (Sup. Ct. 1975), aff'd., 390 N.Y.S.2d 607 (App. Div. 1976). We believe "university program in public health or medical or nursing home care administration" means something less formal than a university degree program. It may merely

mean courses which a student may take to develop some knowledge and skill in public health or medical or nursing home administration.

The Board of Licensure for Nursing Home Administrators has issued regulations outlining the content of programs of study designed to train and qualify individuals for licensure as nursing home administrators.   22 T.A.C. §247.3; see V.T.C.S. art. 4442d, §§6(1), (7); 8. These regulations do not dictate the kind of "university program" with which the educator-board member must be connected, since the legislature established the educator's qualifications at the initial enactment of article 4442d, V.T.C.S., while the board subsequently developed educational requirements for licensure.   Acts 1969, 61st Leg., ch. 411, at 1356; "The Board of Licensure for Nursing Home Administrators:  Staff Report to the Sunset Advisory Committee" at 6-8 in II Sunset Advisory Commission, Staff Reports (1978).  Nonetheless, the educational requirements for licensing indicate the subjects which are relevant to "nursing home care administration."  V.T.C.S. art. 4442d, §3(1).  The course of study described by the regulations includes management, accounting, business and personnel practices, as well as various topics in patient care.   22 T.A.C. §247.3.  The continuing education requirement may be satisfied by instruction in subject areas outlined in this regulation.  22 T.A.C. §247.4.  We cannot determine whether the educator-appointee is qualified to serve on the board, but we can point out that the board's regulations establish management as a field relevant to licensing as a nursing home administrator.

Your next question concerns the qualifications of three board members appointed to serve as licensed nursing home administrators. Article 4442d, V.T.C.S., provides in section 3(1) that four members of the board shall be duly licensed nursing home administrators.  Section 3 of article 4442d, V.T.C.S., also provides as follows:

> (8) No person shall be eligible for service on this board as a nursing home administrator representative unless he is the holder of a nursing home administrator's license under the provisions of this Act and is currently serving as a nursing home administrator.  (Emphasis added).

V.T.C.S. art. 4442d, §3(8).  You state that three persons appointed to positions for nursing home administrators are not serving as nursing home administrators.

The statute defines "nursing home administrator" as

> the person who administers, manages, supervises, or is in general administrative charge of a nursing home, irrespective of whether or not such individual has an ownership interest in such home,

and whether or not his functions and duties are
shared with one or more other persons. . . .

V.T.C.S. art. 4442d, §2(2).  A person appointed to a board position
allocated to a nursing home administrator must be serving in that
capacity.  If he is not serving as a nursing home administrator as
that term is defined by statute, he is ineligible for service on the
board.

You finally inquire about the status of a board member whose
husband was elected to the Board of Directors of the Texas Health Care
Association, a trade association in the nursing home industry.
Representative Barton also inquires about this appointee.

Section 3A of article 4442d, V.T.C.S., states the following
restrictions on board members:

> (1) A member of the board or an employee of the
> board or of the Texas Board of Health who carries
> out the functions of the board may not:
>
> (a) be an officer, employee, or paid consultant
> of a trade association in the nursing home
> industry;
>
> (b) be related within the second degree by
> affinity or within the third degree by consan-
> guinity to a person who is an officer, employee,
> or paid consultant of a trade association in the
> nursing home industry; or
>
> (c) communicate directly or indirectly with a
> party or the party's representative to a pro-
> ceeding pending before the board unless notice and
> an opportunity to participate is given to all
> parties to the proceeding, if the member or agent
> is assigned to make a decision, a finding of fact,
> or a conclusion of law in the proceeding.
> (Emphasis added).

V.T.C.S. art. 4442d, §3A.  Spouses are related by affinity within
the degree affected by section 3A(1)(b) of article 4442d, V.T.C.S.
Attorney General Opinion MW-286 (1980).  The question arises whether a
director of a trade association in the nursing home industry is "an
officer" of that trade association.  V.T.C.S. art. 4442d, §3A(1)(b).

At common law, an association is a body of persons acting
together without a charter, but using the methods and forms of
corporations to pursue some common enterprise.  Penrod Drilling Co. v.
Johnson, 414 F.2d 1217, 1222 (5th Cir. 1969); Weaver v. First National

Bank of Memphis, 224 S.W.2d 813, 817 (Ark. 1949); Clark v. Grand Lodge of Brotherhood of Railroad Trainmen, 43 S.W.2d 404, 408 (Mo. 1931).

Although trade associations need not incorporate, they are permitted to do so under the Texas Non-profit Corporation Act. V.T.C.S. art. 1396, §2.01A. See People ex rel. Padula et al v. Hughes, 16 N.E.2d 922, 924 (Ill. App. Ct. 1938). The legislature could reasonably have adopted section 3A(1)(b) having in mind the nonprofit corporation act and the structure of unincorporated associations which informally operate like nonprofit corporations. We will therefore examine the provisions of article 1396 to determine whether the legislature intended the term "officer" in section 3A(1)(b) of article 4442d, V.T.C.S., to include "director."

Article 1396, V.T.C.S., includes the following definitions:

> (7) 'Board of Directors' means the group of persons vested with the management of the affairs of the corporation, irrespective of the name by which such group is designated.

> (8) 'President' means that officer designated as 'president' in the articles of incorporation or by-laws of a corporation, or that officer authorized, in the articles of incorporation, the by-laws, or otherwise, to perform the functions of the principal executive officer, irrespective of the name by which he may be designated. . . . (Emphasis added).

V.T.C.S. art. 1396, §1.02A. "Vice-president," "secretary," and "treasury" are also identified as officers, in definitions that track the definition of "president."

Although the definitions distinguish between directors and officers, other provisions state that a director occupies an office. For example, article 1396, V.T.C.S., provides that

> [t]he directors constituting the first board of directors . . . shall hold office until the first annual election of directors. . . . (Emphasis added).

Sec. 2.15B. Thus, a director, while not an executive officer of a nonprofit corporation, does hold an office.

If the corporation is a church, the board of directors may carry out the duties of officers:

> D. In the case of a corporation which is a church, it shall not be necessary that there be

officers as provided herein, but such duties and
responsibilities may be vested in the board of
trustees or other designated body in any manner
provided for in the articles of incorporation or
the by-laws.

V.T.C.S. art. 1396, §2.20D.  Moreover, the term "official capacity"
means,

when used with respect to a director, the office
of director in the corporation. . . .  (Emphasis
added).

V.T.C.S. art. 1396, §2.22A.A(4)(a) (defined for purposes of indemnity
provision).

Finally, in discussing a provision similar to the one under
consideration here, a prior opinion of this office assumed that
"directors" of a trade association were officers of that entity.
Attorney General Opinion MW-173 (1980) construed the following
provision of article 4442d, V.T.C.S.:

Sec. 3A(1)  A member of the board [of Licensure
for Nursing Home Administrators] or an employee of
the board or of the Texas Board of Health who
carries out the functions of the board may not:

(a) be an officer, employee, or paid
consultant of a trade association in the nurs-
ing home industry. . . .  (Emphasis added).

V.T.C.S. art. 4442d, §3A(1)(a).  The opinion stated in dicta:

We believe section 3A(1) of article 4442d,
V.T.C.S., prohibits a board member from serving as
a director of a trade association in the nursing
home industry. . . .  (Emphasis added).

Attorney General Opinion MW-173 at 2.  The opinion stated in the
summary:

Board members may not serve as a director or other
officer of these associations. . . .  (Emphasis
added).

Id.

The provisions of the Texas Non-profit Corporation Act and the
language of Attorney General Opinion MW-173 indicate that the
legislature reasonably could have intended the term "officer" in
section 3A(1)(b) of article 4442d, V.T.C.S., to include a director of

a trade association in the nursing home industry.  Section 3A(1)(b) of article 4442d, V.T.C.S., is a remedial statute in that it was designed to prevent conflicts of interest that might arise from the close relationship between the licensing board and the trade association.  See Sunset Advisory Commission, Final Report to the Governor of Texas and Members of the Sixty-sixth Texas Legislature at 84, 87 (December 1978).  The rule of liberal construction applies to remedial statutes.  Insurance Commissioners v. Great Southern Life Insurance Co., 239 S.W.2d 803 (Tex. 1951).  See generally Gov't. Code §312.006(a) (revised statutes to be liberally construed to promote justice).  Applying the rule of liberal construction, section 3A(1)(b) of article 4442d, V.T.C.S., prohibits a board member from being related within the second degree by affinity to a person who is a director of a trade association in the nursing home industry.  Accordingly, the individual about whom you inquire may not serve on the board.

## S U M M A R Y

The member of the Texas Board of Licensure for Nursing Home Administrators who qualifies as an "educator connected with a university program in public health or medical' or nursing home care administration" need not be connected with a program leading to a university degree.  A board member appointed to serve as a licensed nursing home administrator is not eligible for service on the board unless he is "currently serving as a nursing home administrator."  The term "officer" of a trade association in the nursing home industry in section 3A(1)(b) of article 4442d, V.T.C.S., includes a director of such a trade association.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General