OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 10, 1999

Mr. Gary L. Warren, Sr.
Executive Director
Texas Commission on Fire Protection
P.O. Box 2286
Austin, Texas 78768-2286

Opinion No. JC-0067

Re: Whether the Texas Fire Chiefs' Association, the Texas State Association of Fire Fighters, the State Firemen's and Fire Marshals' Association of Texas, or the Texas Association of Fire Educators is a "trade association" for purposes of section 419.006 of the Government Code (RQ-1203)

Dear Mr. Warren:

The spouse of an officer, manager, or paid consultant of a Texas trade association in the field of fire protection is prohibited from becoming a high-level employee with the Commission on Fire Protection (the "Commission"). TEX. GOV'T CODE ANN. § 419.006(b) (Vernon 1998). You ask whether any of four particular organizations is a trade association for purposes of section 419.006. While the determination of whether any particular organization is a trade association for purposes of section 419.006 is ultimately a question of fact, we believe, based upon the information you provide, that the organizations about which you inquire are not trade associations for purposes of invoking the conflict-of-interest prohibitions of section 419.006(b).

You state that the issue has arisen because the spouse of Texas Fire Chiefs' Association's executive director is a final candidate for a position in the Commission's Testing and Training Section. We understand that this position normally is a high-level position that would be subject to section 419.006. In addition to the Texas Fire Chiefs' Association, you inquire about three other organizations: the Texas State Association of Fire Fighters; the State Firemen's and Fire Marshals' Association of Texas; and the Texas Association of Fire Educators. Although you tell us very little about any of these organizations, you state that none of them are associations of business or professional competitors.[1]

---

[1] We were unable to locate, and you did not submit, any information describing the purpose or mission of the Texas Fire Chiefs' Association. You characterize the Texas State Association of Fire Fighters as "a labor organization representing paid fire fighters." From our own research, we understand that the Texas State Association of Fire Fighters provides to fire and emergency-medical-services personnel "support and service," including "training, on[-]site support, assistance in grievance representation, bargaining and mediation." Texas State Assoc. of Fire Fighters, *About the Texas State Association of Fire Fighters* (last modified Oct. 2, 1996) <http://www.tsaff.org/guide.html>. The State Association of Fire Fighters also assists local fire fighters' organizations and their members in disciplinary appeals,

(continued...)

Section 419.006 of the Government Code regulates conflicts of interest for Commission members and employees. Under that section, an officer, employee, or paid consultant of a Texas trade association may not be a commissioner or a Commission employee "who is exempt from the state's position classification plan or is compensated at or above the amount prescribed by the General Appropriations Act for step 1, salary group 17, of the position classification salary schedule" (a "high-level employee"). *Id.* § 419.006(a). In addition, the spouse of an officer, employee, or paid consultant of a Texas trade association may not be a commissioner or a high-level Commission employee. *See id.* § 419.006(b). The phrase "Texas trade association" is defined for the purposes of section 419.006 as an association of "business or professional competitors":

> For the purposes of this section, a Texas trade association is a nonprofit, cooperative, and voluntarily joined association of business or professional competitors in this state designed to assist its members and its industry or profession in dealing with mutual business or professional problems and in promoting their common interest.

*Id.* § 419.006(c). Section 419.006 does not elaborate on what an "association of business or professional competitors" might be, and we find no judicial or attorney general opinions interpreting the phrase "Texas trade association" as it is used in section 419.006.

But in examining similar conflict-of-interest provisions, *see, e.g.,* TEX. REV. CIV. STAT. ANN. art. 4495b, § 2.05(g), (h), (i) (Vernon Supp. 1999) (Board of Medical Examiners); AGRIC. CODE ANN. § 42.010 (Vernon Supp. 1999) (Food & Fibers Comm'n); TEX. FIN. CODE ANN. § 12.107 (Vernon 1998) (Dep't of Banking); TEX. GOV'T CODE ANN. § 444.006(b), (c), (g) (Vernon 1998) (Comm'n on the Arts), this office has perceived a need "to protect the integrity of agency decision-making from a private entity's undue influence." Tex. Att'y Gen. LO-98-054, at 2. The Sunset Commission, which recommended section 419.006's adoption in 1991, *see* HOUSE COMM. ON GOV'T ORGANIZATION, BILL ANALYSIS, Tex. C.S.S.B. 383, 72d Leg., R.S. (1991), proposes similar conflict-of-interest provisions as an across-the-board recommendation. *See* TEXAS SUNSET COMM'N, *Across the Board Recommendations* 2 (1988). According to the Sunset Commission, the conflict-of-interest provision prevents an agency from developing "close ties with professional trade organizations and other interested groups" because such ties may not be in the public interest. *See* Tex. Att'y Gen. LO-96-043, at 3 (quoting SUNSET ADVISORY COMM'N, *Recommendations to the Governor of Texas & Members of the Seventy-Second Legislature, Final Report* 5, 118 (1991)).

---

¹(...continued)
contract negotiations, mediations, and elections. *See id.* In addition, the State Association of Fire Fighters lobbies on behalf of its members and offers educational opportunities to its members. *See id.* You characterize the State Firemen's and Fire Marshals' Association as "representing mainly volunteer fire fighters." We have found information stating that the State Firemen's and Fire Marshals' Association "promote[s], unif[ies], represent[s,] and educate[s] the fire service of Texas." State Firemen's & Fire Marshals' Association of Texas, *Mission Statement* (last modified Oct. 23, 1998) <http://www.sffma.org/mission.html>. Finally, we were unable to obtain any information on the Texas Association of Fire Educators, and you did not provide any.

Traditionally, the phrase "trade association" refers to an association of employers in the same trade. *See People ex rel. Padula v. Hughes*, 16 N.E.2d 922, 924 (Ill. App. Ct. 1938); *cf.* BLACK'S LAW DICTIONARY 1338 (5th ed. 1979) (defining "trade association" as "association of business organizations having similar problems and engaged in similar fields formed for mutual protection, interchange of ideas and statistics and for maintenance of standards within their industry"). Thus, this office previously has determined that the National Association of Boards of Examiners for Nursing Home Administrators, which is composed of agencies that examine and license or register nursing homes and nursing home administrators, probably is not a trade association. *See* Tex. Att'y Gen. Op. No. MW-173 (1980) at 2. Notably, courts in other jurisdictions that have applied the common understanding of the term "trade association" have distinguished labor unions from trade associations. *See People ex rel. Padula*, 16 N.E.2d at 924; *People v. Masiello*, 31 N.Y.S.2d 512, 518 (N.Y. Sup. Ct. 1941).

Assuming, as you tell us, that the organizations about which you ask are not associations of business or professional competitors, we conclude that none of them are trade associations for purposes of section 419.006 of the Government Code. Ultimately, whether a particular organization is a trade association for purposes of section 419.006 depends upon whether the association satisfies the definition found in subsection (c), that is, whether the association is (1) nonprofit, (2) cooperative, and (3) voluntarily joined, as well as whether the association is one (4) of business or professional competitors in this state and is (5) designed to assist its members and its industry or profession (a) in dealing with mutual business or professional problems and (b) in promoting their common interest. Determining each of these elements requires the resolution of fact questions, which this office is unable to answer. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-98 (1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3; O-2911 (1940) at 2. Given our assumption, however, we believe the Commission may employ in a high-level position the spouse of an officer, manager, or paid consultant of any of the organizations you list.

## S U M M A R Y

Assuming that an organization is not composed of business and professional competitors, it is not a trade association for purposes of section 419.006 of the Government Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General